1  Michael J. Leahy (Bar No. 82247)
   Christopher Kendrick (Bar No. 162869)
2  Gregory M. Smith (Bar No. 259971)
   HAIGHT BROWN & BONESTEEL LLP
3  555 South Flower Street, Forty-Fifth Floor
   Los Angeles, California 90071
4  Telephone: 213.542.8000
   Facsimile: 213.542.8100
5
   Attorneys for Defendant, GRANITE STATE
6  INSURANCE COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION**

10

11 RICHARD SPAIN,                         Case No. _____

12              Plaintiff,                **NOTICE OF REMOVAL AND
                                          DEMAND FOR JURY TRIAL**
13        v.

14 GRANITE STATES INSURANCE
   COMPANY; and DOES 1 through 25,
15 inclusive,

16              Defendant.

17

18        TO THE HONORABLE COURT, TO PLAINTIFF, AND TO HIS ATTORNEY

19 OF RECORD:

20        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and

21 1446, defendant Granite State Insurance Company (erroneously sued and served as Granite

22 States Insurance Company) gives notice of the removal of the action, *Richard Spain v.*

23 *Granite States Insurance Company*, Case No. S-1500-CV-284009-LHB, which is currently

24 pending in the Superior Court of California, County of Kern, in Bakersfield, to this United

25 States District Court for the Eastern District of California, Bakersfield Division, on the

26 basis of diversity of citizenship.

27        In support of such removal, defendant Granite State Insurance Company states as

28 follows:

1.    On January 28, 2015, plaintiff Richard Spain filed a complaint in the Superior Court of California, County of Kern, *Richard Spain v. Granite States Insurance Company*, Case No. S-1500-CV-284009-LHB (the "State Court Action").  True and correct copies of the Summons and Complaint are attached hereto as Exhibits "1" and "2".

2.    Granite State Insurance Company received the Complaint when it was served on June 12, 2015.  [Declaration of Gregory M. Smith ("Smith Decl."), ¶ 2.]

3.    Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is timely filed within thirty days after defendant was deemed served with a copy of the Summons and Complaint.

4.    Pursuant to 28 U.S.C. § 1446(a), defendant hereby attaches true and correct copies of all pleadings filed with the state court as follows:

      a.    Summons (Exhibit "1");

      b.    Complaint (Exhibit "2");

      c.    Order to Show Cause filed 01/30/2015 (Exhibit "3");

      d.    Declaration Of David L Margulies filed 04/02/2015 and attached order thereon signed 04/08/2015 (Exhibit "4");

      e.    Proof of Service filed 06/19/2015 (Exhibit "5");

5.    Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the Complaint.  Specifically, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." [28 U.S.C. § 1332(a).]

6.    Complete diversity exists because plaintiff and the named defendant whose citizenship is properly considered are citizens of different states.

7.    Plaintiff's state of domicile is Nevada.  [Smith Decl., ¶ 3; Exhibit 2, ¶ 1.] See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (for the diversity jurisdiction statute, "[t]he natural person's state citizenship is determined by domicile," which is defined as "her permanent home, where she resides with the intention to remain

1  or to which she intends to return"). At the time this action was filed and at the time this

2  Notice of Removal is filed, plaintiff Richard Spain was and is a citizen of the state of

3  Nevada. [Smith Decl., ¶ 3; Exhibit 2, ¶ 1.]

4      8.    At the time this action was filed and at the time this Notice of Removal is

5  filed, defendant Granite State Insurance Company is incorporated in Illinois and has a

6  principal place of business at 500 West Madison Street, Suite 3000 Chicago, IL 60661.

7  [Smith Decl., ¶ 4.]

8      9.    Plaintiff's Complaint named as defendants "Does 1 to 25." Defendant is

9  informed and believes, and on that basis alleges, that none of these fictitiously named

10  defendants has been served with a copy of the Complaint or Summons. Smith Decl., ¶ 5.

11  Thus, these fictitiously named defendants are not parties to this action. For purposes of

12  this Removal, "the citizenship of defendants served under fictitious names shall be

13  disregarded." [28 U.S.C. § 1441(a).]

14      10.   It is apparent in the Complaint that plaintiff seeks an amount in controversy

15  in excess of $75,000, exclusive of interests as costs. [Smith Decl., ¶ 6.] In determining the

16  amount in controversy on removal, the district court may consider whether it is "facially

17  apparent" from the complaint that the jurisdiction amount is in controversy. [*Singer v.*

18  *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H*

19  *Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).] A removing defendant need only

20  show that the amount in controversy "more likely than not" exceeds the jurisdictional

21  minimum of $75,000. [*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

22  1996).]

23      11.   Pursuant to 28 U.S.C. §1332(a), there is a sufficient amount in controversy

24  for the following reasons:

25          a.    Plaintiff alleges that he was insured under a General Healthcare

26              Provider Professional Liability Occurrence insurance policy issued and

27              delivered by defendant Granite State Insurance Company, with a limit of

28

Haight

A150-0000007
11664434.1

3

NOTICE OF REMOVAL AND
DEMAND FOR JURY TRIAL

Haight

1  liability of $1,000,000 per occurrence $6,000,000 in the aggregate. [Exhibit

2  2, ¶¶ 7, 8.]

3       b.     Plaintiff alleges that he was sued by Charlene McKnight who claimed

4  that plaintiff caused her personal injuries, including being rendered

5  paraplegic, and damages. [Exhibit 2, ¶¶ 10, 11.]

6       c.     Plaintiff alleges that The McKnight case proceeded to Trial and a

7  verdict was rendered on December 2, 2013, in an amount in excess of his

8  policy limits (i.e. more than $1,000,000). [Exhibit 2, ¶ 11.]

9       d.     Plaintiff alleges that he was subsequently sued in another action by

10  the physician in the McKnight case, Catalino Dureza, M.D., but was denied

11  coverage for the claim. [Exhibit 2, ¶¶ 13, 14.]

12       e.     Plaintiff alleges that as a result of a failure by defendant to settle

13  within the policy limits or to provide a defense and indemnification, he

14  suffered economic and general damages, and he seeks punitive damages, in

15  addition to damages for medical expenses, lost wages, lost earning capacity,

16  emotional distress, and attorneys fees.

17       12.     Although defendant denies any liability to plaintiff, his allegations of serious

18  injury and damages plainly place more than $75,000 in controversy. Therefore, analyzing

19  the Complaint in a light most favorable to plaintiff, while not admitting liability for any

20  amount, the amount in damages alleged to be in controversy for plaintiff exceeds $75,000,

21  exclusive of interest and costs.

22       13.     This case is a suit of a wholly civil nature brought in California State Court.

23  Pursuant to 28 U.S.C. section 1441(a), this civil action may be removed by defendant to

24  this Court. Because plaintiff filed the State Court Action in Bakersfield Courthouse of the

25  County of Kern, the United States District Court for the Eastern District of California,

26  Bakersfield Courthouse, is the appropriate venue for removal of the State Court action

27  because it is the "district and division embracing the place where such action is pending."

28  [See 28 U.S.C. §§ 1391(a), 1441(a).]

14.     Accordingly, based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from California Superior Court, County of Kern, is proper, pursuant to 28 U.S.C. sections 1332 and 1441, respectively.

15.     Pursuant to 28 U.S.C. section 1446(d), defendant will promptly provide written notice of removal of this action to plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the California Superior Court, County of Kern.

16.     Defendant reserves the right to supplement this Notice of Removal when additional information becomes available.  Defendant further reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this Notice of Removal is subject to, and without waiver of, any such defense or objection.

WHEREFORE, defendant Granite State Insurance Company respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. sections 1332, 1441, and 1446.

### DEMAND FOR TRIAL BY JURY

Granite State Insurance Company hereby demands a trial by jury.

Dated: July 10, 2015                    HAIGHT BROWN & BONESTEEL LLP


By:      /s/ Gregory M. Smith
          Michael J. Leahy
          Christopher Kendrick
          Gregory M. Smith
          Attorneys for Defendant, GRANITE STATE
          INSURANCE COMPANY

NOTICE OF REMOVAL AND
DEMAND FOR JURY TRIAL

Haight

**EXHIBIT 1**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>GRANITE STATES INSURANCE COMPANY; and DOES 1 through 25, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RICHARD SPAIN | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>FILED<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>COUNTY OF KERN<br><br>JAN 3 0 2015<br><br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>KERN COUNTY SUPERIOR COURT<br>1415 Truxtun Avenue, Bakersfield, CA 93301 | CASE NUMBER:<br>S-1500-CV 284009<br>LHB |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Margulies, Esq. - LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100, Valley Village, CA 91607    (818) 992-0933

| | | | |
|---|---|---|---|
| DATE: JAN 3 0 2015<br>*(Fecha)* | TERRY McNALLY, CLERK | Clerk, by<br>*(Secretario)* | S. JOSLIN Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SCANNED

FILED BY FAX

**EXHIBIT 2**

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JAN 2 8 2015

TERRY McNALLY, CLERK
BY _____ DEPUTY

1    DAVID L. MARGULIES, ESQ. [SBN.46964]
     **LAW OFFICES OF DAVID L. MARGULIES**
2    12650 Riverside Drive, Suite 100
     Valley Village, CA 91607
3
     (818) 992-0933 - Telephone
4    (818) 348-3652 - Fax

5    Attorney for Plaintiff, RICHARD SPAIN

6

CASE MANAGEMENT CONFERENCE:
Hearing Date: 7/30/15
Time: 8:15am
Department: 17
See CRC Rule 3.720 Et. Seq.

7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF KERN**

10

**S-1500-CV** 284009
                                                              LHB

11   RICHARD SPAIN,                      )
                                         )   CASE NO.:
12                        Plaintiff,     )
                                         )
13   v.                                  )   COMPLAINT FOR BREACH OF
                                         )   CONTRACT AND BREACH OF THE
14   GRANITE STATES INSURANCE            )   COVENANT OF GOOD FAITH AND
     COMPANY; and DOES 1 through 25,     )   FAIR DEALING
15   inclusive,                          )
                                         )
16                        Defendants.    )
     _____  )

17

18        COMES NOW PLAINTIFF RICHARD SPAIN ("PLAINTIFF") and complains as follows:

19                              **GENERAL ALLEGATIONS**

20        1.    PLAINTIFF RICHARD SPAIN ("PLAINTIFF") was at all times mentioned herein

21   and material hereto, an individual residing in the State of Nevada, and licensed to do business and

22   doing business in the State of California.

23        2.    Defendant GRANITE STATES INSURANCE COMPANY (hereinafter referred to

24   as "GRANITE STATES") is a business entity of unknown form. On information and belief, at all

25   relevant times, GRANITE STATES was and is a corporation duly organized and existing under and

26   by virtue of the laws of the State of California, and is authorized and empowered by the laws of the

27   State of California to transact business within California as an insurance company.

28

1

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

FILED BY FAX

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, are unknown to PLAINTIFF who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

4.      At all relevant times, Defendants, and each of them, were the agents, servants, and co-conspirators of each of the other Defendants. At all relevant times, each Defendant was acting within the knowledge of one another and within the purpose, scope and course of their agency, service, employment and conspiracy; at all relevant times, each Defendant was acting with the express and/or implied knowledge, permission and consent of the other Defendants and approved the acts of one or more of the other Defendants. At all relevant times, each Defendant ratified and approved the acts of his agent.

5.      At all times mentioned herein and material hereto, Defendants, and each of them, were at all times acting within the purpose and scope of said agency and employment and each Defendant has ratified and approved the acts of its agent.

6.      At all relevant times, PLAINTIFF was an employee of Neuro Application Services Corporation.   PLAINTIFF performed neuro-monitoring services to assist surgeons in the performance of spinal surgeries.

7.      At all relevant times, PLAINTIFF was insured by a General Healthcare Provider Professional Liability Occurrence insurance policy bearing policy number 6703680 (the POLICY") issued and delivered by GRANITE STATES, which policy insured against loss and damage resulting from the professional services of PLAINTIFF as a neuro-monitoring technician. The policy limits on said POLICY were $1,000,000.00 per occurrence. Implied in the policy was a covenant by the defendant that it would do nothing to interfere with the rights of the insured to receive the benefits of the agreement.

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

8.    The policy among other things, provided for legal representation against claims made by third persons and indemnification coverage for injuries and damages sustained by patients as a result of negligence on the part of the insured, while the insured was providing neuro-monitoring of the patient during spinal surgery. The limit of liability under the policy of insurance was $1,000,000 for each person and $6,000,000 in the aggregate.

9.    PLAINTIFF performed all acts required of him to be performed under the terms and provisions of the POLICY, including but not limited to, providing timely notice to Defendants of any potential claims.

10.    On or about February 23, 2009, the PLAINTIFF's co-employee, Michael Johnson performed neuro-monitoring services during a spinal surgery performed by orthopedic surgeon Catalino Dureza, M.D., on his patient Charlene McKnight. Thereafter, Charlene McKnight was diagnosed with paraplegia which resulted from the subject surgery and/or subsequent surgical and other efforts of Dr. Dureza. ("the LOSS").

11.    A lawsuit was filed and served on PLAINTIFF by counsel for Ms. McKnight alleging that PLAINTIFF performed his services in a negligent fashion causing Ms. McKnight to suffer personal injuries and damages. PLAINTIFF duly and timely notified GRANITE STATES of the LOSS and tendered the defense of the *McKnight* lawsuit to GRANITE STATES which hired attorney(s) to defend PLAINTIFF. The *McKnight* case proceeded to Trial and a verdict was rendered on December 2, 2013, in an amount in excess of PLAINTIFF's policy limits.

12.    Since notifying GRANITE STATES of the LOSS, PLAINTIFF has fully cooperated with GRANITE STATES in the defense of said claim and has otherwise complied with the terms of the POLICY. During the course of litigating the *McKnight* lawsuit, counsel for McKnight made several attempts to resolve the case against PLAINTIFF by communicating multiple policy limits demands. PLAINTIFF alleges, on information and belief, that the policy demands made by counsel for Ms. McKnight were never properly communicated by GRANITE STATES to PLAINTIFF. Additionally, PLAINTIFF alleges, on information and belief, that PLAINTIFF was never notified by GRANITE STATES of the ramifications of not settling within PLAINTIFF'S policy limits.

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE COVENANT OF GOOD FAITH AND FAIR DEALING

1   Notwithstanding these failures, demands upon GRANITE STATES to settle within PLAINTIFF's

2   policy limits were made by PLAINTIFF and/or his attorney(s).  Furthermore, GRANITE STATES

3   failed to advise PLAINTIFF to seek independent counsel to assist him in evaluating his rights and

4   benefits under the terms of the POLICY in light of the policy limits demands.   And finally,

5   GRANITE STATES refused to settle within PLAINTIFF's policy limits despite its selected defense

6   counsels' evaluation(s) that the settlement value of the *McKnight* case exceeded PLAINTIFF's

7   policy limits and that the primary legal defenses upon which GRANITE STATES were relying upon

8   in defending the case were rejected by the Court.  Despite multiple reasonable opportunities to settle

9   within the policy limits and protect its insured against an uninsured exposure, GRANITE STATES

10   failed and refused to accept McKnight's policy limits demands and elected to proceed to Trial.  As

11   a result of the decision on the part of GRANITE STATES to proceed to Trial, an excess verdict was

12   obtained against PLAINTIFF and an excess Judgment was entered against Plaintiff to his detriment.

13         13.     On or about March 6, 2013, Catalino Dureza, M.D., filed in Kern County Superior

14   Court  action number S-1500-CV 278865 SPC, naming among others as defendants, PLAINTIFF

15   herein Richard Spain, alleging negligence, negligent misrepresentation and breach of contract, and

16   further alleging injuries and damages caused. On or about July 3, 2014, PLAINTIFF Richard Spain

17   was served by publication with the complaint.

18         14.     On or about July 14, 2014, PLAINTIFF Richard Spain sent a copy of the complaint

19   along with a demand for the providing of a defense and indemnification pursuant to the terms of his

20   insurance contract, to William Legotte, claims representative employed by GRANITE STATES

21   INSURANCE COMPANY.

22         15.     On or about August 12, 2014, PLAINTIFF Richard Spain, through his counsel,

23   received notification from GRANITE STATES INSURANCE COMPANY that they were denying

24   coverage under the insurance policy for the subject incident, and would provide neither a defense,

25   nor indemnification.

26   ////

27   ////

28

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

4

**FIRST CAUSE OF ACTION**

**Breach of Contract**

**(Against All Defendants)**

16.     PLAINTIFF refers to all prior paragraphs herein and incorporates those paragraphs as though fully set forth at length in this cause of action.

17.     Defendants, and each of them, owed duties and obligations to PLAINTIFF pursuant to and in accordance with the terms and provisions of the POLICY.

18.     Defendants, and each of them, breached the terms and provisions of the POLICY by failing and refusing to settle the *McKnight* lawsuit within PLAINTIFF's policy limits. PLAINTIFF is informed and believes, and upon such information and belief, alleges that Defendants have breached the terms of the POLICY by other acts or omissions of which PLAINTIFF is presently unaware and which will be shown according to proof at time of trial.

19.     Defendants, and each of them, further breached the terms and provisions of the POLICY by failing and refusing to provide a defense and indemnification in the action of Catalino Dureza, M.D., against PLAINTIFF Richard Spain, filed in Kern County Superior Court action number S-1500-CV 278865 SPC.

20.     As a direct and proximate result of the failure on the part of defendants, and each of them, to settle within the policy limits, and in defendants failure to provide a defense and indemnification, PLAINTIFF has suffered economic damages including, but not limited to, past and future medical expenses, past loss of earnings and loss of future earning capacity. Additionally, as a result of the breach of the POLICY terms and provisions, PLAINTIFF has suffered non-economic damages including, but not limited to, grief, anxiety and other mental and emotional injuries.

21.     As a further direct and proximate result of the breach of their contractual obligations by Defendants, and each of them, PLAINTIFF has suffered damages in excess of the jurisdictional limit of this Court, including, but not limited to, his attorneys' fees, which, pursuant to the POLICY, PLAINTIFF is entitled to recover.

////

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

5

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

22.     PLAINTIFF refers to all prior paragraphs herein and incorporates those paragraphs as though fully set forth at length in this cause of action.

23.     In addition to breaching the terms of the POLICY, Defendants, and each of them, have also breached their duty of good faith and fair dealing owed to PLAINTIFF in numerous respects including, but not limited to, failing to settle the *McKnight* lawsuit within PLAINTIFF's policy limits despite having been afforded multiple opportunities to do so, and in their denial of a defense and indemnification in the action brought by Catalino Dureza, M.D., as stated above.

24.     As a proximate result of the unreasonable and bad faith conduct of Defendants, and each of them, as heretofore alleged, PLAINTIFF has sustained monetary damages in excess of the jurisdictional limit of this Court.

25.     As a further proximate result of the heretofore alleged acts and failures to act on the part of the Defendants, and each of them, PLAINTIFF has suffered anxiety, worry, mental and emotional distress and injury to his person, all to PLAINTIFF's general damages in a sum to be determined at the time of trial.

26.     As a further direct and proximate result of the unreasonable and bad faith conduct of Defendants, and each of them, PLAINTIFF has been compelled to retain legal counsel and in accordance with the terms and provisions of the POLICY, thereby making Defendants, and each of them, liable to the PLAINTIFF for those attorneys' fees reasonably and necessarily incurred by PLAINTIFF in an amount of said attorneys' fees to be determined at time of trial.

27.     Defendants' conduct described herein was intended by Defendants, and each of them, to cause injury to PLAINTIFF or was despicable conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of the PLAINTIFF, thereby subjecting PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights and was an intentional misrepresentation, deceit or concealment of material facts known to the Defendants, and each of them, with the intention to deprive the PLAINTIFF of property, legal rights, or to otherwise

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

6

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

1  cause injury, loss, and damage such as to constitute malice, oppression, or fraud under California

2  Civil Code § 3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to

3  punish or set an example of Defendants, and each of them.

4       28.    Defendants, and each of their conduct described herein, was undertaken by the

5  corporate Defendants' officers or managing agents, identified as Does 1 through 10, who were

6  responsible for claims operations, communications, and/or decisions. The aforesaid conduct of said

7  managing agents and individuals was therefore undertaken on behalf of Defendant.

8       29.    The corporate Defendants further had advance knowledge of the actions and conduct

9  of said individuals whose actions and conduct were ratified, authorized, and approved by managing

10  agents and by other corporate officers whose precise identities are unknown to PLAINTIFF at this

11  time and are therefore identified and designated herein as Does 1 through 10.

**PRAYER FOR RELIEF**

13      WHEREFORE, PLAINTIFF prays judgment against all Defendants, and each of them, as

14  follows:

15      1.    For economic damages, including but not limited to, past and future medical

16  expenses, loss of earnings and loss of future earning capacity according to proof;

17      2.    For non-economic damages for mental, physical, and emotional injuries and distress

18  in a sum to be determined at the time of trial (on the Breach of the Covenant of Good Faith and Fair

19  Dealing Claim only);

20      3.    For costs of suit incurred herein;

21      4.    For attorney's fees pursuant to the POLICY terms;

22      5.    For punitive and exemplary damages in an amount appropriate to punish or set an

23  example of Defendants (on the Breach of the Covenant of Good Faith and Fair Dealing Claim only);

24      6.    For such other and further relief as this Court may deem just and proper.

25  DATED: January 28, 2015           LAW OFFICES OF DAVID L. MARGULIES

26

27            By: _____
           DAVID L. MARGULIES
           Attorney for Plaintiff, RICHARD SPAIN

28

7

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 924-0933

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 924-0933

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE COVENANT OF GOOD FAITH AND FAIR DEALING

Sequence #
Fees $ 73.5+5
Initials: AJ

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>David L. Margulies, Esq.<br>LAW OFFICES OF DAVID L. MARGULIES<br>12650 Riverside Drive, Suite 100<br>Valley Village, CA 91607<br>TELEPHONE NO: (818) 992-0933   FAX NO: (818) 348-3652<br>ATTORNEY FOR *(Name)*: Plaintiff, RICHARD SPAIN | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>ELECTRONICALLY<br>BY SUPERIOR COURT OF KERN, COUNTY OF KERN, ON<br>JAN 28 2015<br>TERRY MCNALLY, CLERK<br>BY _____ DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME:

CASE NAME:
RICHARD SPAIN v. GRANITE STATES INSURANCE COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>S-1500-CV 284009 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | JUDGE: LHB<br>17 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: two(2)-Breach of Contract; Breach of Covenant of Good Faith&Fair Dealing
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 28, 2015
DAVID L. MARGULIES
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SCANNED

FILED BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT 3**



**SUPERIOR COURT OF CALIFORNIA**
METROPOLITAN DIVISION
1415 TRUXTUN AVENUE, BAKERSFIELD, CA  93301



FOR COURT USE ONLY

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JAN 3 0 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY

**PLAINTIFF**
RICHARD SPAIN

**DEFENDANT**
GRANITE STATES INSURANCE COMPANY

**CASE NUMBER: S-1500-CV-284009, LHB**

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

<u>YOU ARE ORDERED TO APPEAR</u> ON <u>May 13, 2015</u> AT <u>8:30 AM</u> IN <u>DEPARTMENT 17</u> OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110.  ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

TERRY McNALLY,
Clerk of the Superior Court

DATE: Friday, January 30, 2015

By _____ Deputy
STACIE D JOSLIN

**EXHIBIT  4**

1  DAVID L. MARGULIES, ESQ., Bar Number 46964
2  **LAW OFFICES OF DAVID L. MARGULIES**
   12650 Riverside Drive, Suite 100
3  Valley Village, CA 91607

4  (818) 992-0933 - Telephone
   (818) 348-3652 - Fax

5  Attorney for Plaintiff, RICHARD SPAIN

ELECTRONICALLY RECEIVED
SUPERIOR COURT OF CALIFORNIA COUNTY OF KERN, ON
SUPERIOR COURT OF CALIFORNIA METROPOLITAN DIVISION
SUPERIOR COURT OF KERN CLERK DIVISION
COUNTY OF KERN

APR 0 8 2015

TERRY McNALLY, CLERK
BY_____DEPUTY

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF KERN**

11  RICHARD SPAIN,                                    CASE NO.: S-1500-CV-284009, LHB

12                       Plaintiff,                    [Assigned to Hon. Lorna H. Brumfield,
                                                        Dept. 17]
13   v.

14  GRANITE STATE INSURANCE                           DECLARATION OF DAVID L.
    COMPANY and DOES 1 through 25,                    MARGULIES AND STATUS REPORT RE:
15  inclusive,                                        REQUEST FOR ADDITIONAL TIME TO
                                                       SERVE SUMMONS AND COMPLAINT;
16                       Defendants.                   [~~PROPOSED~~] ORDER

17                                                     OSC DATE:  May 13, 2015
                                                            TIME:  8:30 a.m.
18                                                          DEPT:  17

19                                                     CMC DATE:  July 30, 2015
                                                            TIME:  8:15 A.M.
20                                                          DEPT:  17

21                                                     Trial Date: None Set

22  I, DAVID L. MARGUILES, DECLARE:

23       1.    I am an attorney licensed to practice law in all of the courts of the State of California

24  and attorney of record for Plaintiff, RICHARD SPAIN.

25       2.    I have personal knowledge of all facts contained in this Declaration and if called upon

26  to testify, I could and would testify thereto.

27  ////

28

LAW OFFICES OF
DAVID L. MARGULIES
12650 Riverside Drive
Suite 100
Valley Village, CA 91607
(818) 992-0933

*(left margin, vertical)* LAW OFFICES OF DAVID L. MARGULIES · 12650 Riverside Drive, Suite 100 · Valley Village, CA 91607 · (818) 992-0933

1

DECLARATION OF DAVID L. MARGULIES AND REQUEST FOR ADDITIONAL
TIME TO SERVE SUMMONS AND COMPLAINT; [PROPOSED] ORDER

3.     The above-entitled action is for insurance bad faith concerning damages suffered by Plaintiff when judgment was entered against him in a medial malpractice action entitled *McKnight v.Catholic Healthcare West (CHW) dba Mercy Hospital, et al.*, Kern County Superior Court Case No. S-1500-CV-269628 SPC (hereinafter "Underlying Action") at which trial a verdict was rendered against Plaintiff on December 2, 2013, in excess of the policy limits of his professional liability insurance policy issued by Defendant, GRANITE STATE INSURANCE COMPANY.

4.     Thereafter, one of the defendants in the Underlying Action filed a complaint against Plaintiff in the matter entitled *Catalino Dureza v. Catholic Healthcare West, etc., et al.*, Kern County Superior Court Case No. S-1500-CV-278865 (hereinafter "Second Underlying Action") which matter is pending in Department 11, before The Honorable David R. Lampe.

5.     I have recently received a voluminous amount, consisting of several thousands of pages, of documents representing the GRANITE STATE claims file in the Underlying Action which will require an extensive and thorough review.

6.     I have been in contact with former counsel for Plaintiff in the Underlying Action to request pleadings and other litigation documents. A portion of the records have been provided, but I am waiting for the remaining files that are maintained off site.

7.     It is respectfully requested that Plaintiff be granted additional time to effectuate service of process of the Summons and Complaint in the above-entitled action to and including June 15, 2015, to permit a careful and complete review of voluminous documentation and research the complex issues in this matter, as well as the litigation in the underlying actions.

8.     It is further requested that the Order to Show Cause Re Service of Summons and Complaint scheduled on May 13, 2015, at 8:30 a.m. be continued to July 16, 2015, at 8:30 a.m., or other date convenient for the Court's calendar.

9.     It is further requested that the Case Management Conference scheduled on July 30, 2015, at 8:15 a.m. be continued to September 30, 2015, or other date convenient for the Court's calendar, to allow time for the case to become at-issue.

////

LAW OFFICES OF DAVID L. MARGULIES
12650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 992-0933

2

DECLARATION OF DAVID L. MARGULIES AND REQUEST FOR ADDITIONAL
TIME TO SERVE SUMMONS AND COMPLAINT; [PROPOSED] ORDER

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct.  Executed on April 2, 2015, at Valley Village, California.

3

4    DAVID L. MARGULIES
    Attorney for Plaintiff, RICHARD SPAIN

5

6

7    * * *

8    <u>O R D E R</u>

9    IT IS HEREBY ORDERED that Plaintiff RICHARD SPAIN is granted additional time to

10    effectuate service of process of the Summons and Complaint in the above-entitled action to and

11    including June 15, 2015 [or_____, 2015];

12    IT IS FURTHER ORDERED that the Order to Show Cause Re Service of Summons and

13    Complaint scheduled on May 13, 2015, be continued to July 16, 2015 [or_____, 2015] at

14    8:30 a.m. in Department 17; and

15    IT IS FURTHER ORDERED that the Case Management Conference scheduled on July 30,

16    2015, be continued to September 30, 2015, at 8:15 a.m. in Department 17 of the above-entitled court.

17    4/8/15

18    JUDGE OF THE SUPERIOR COURT

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DAVID L. MARGULIES
13650 Riverside Drive, Suite 100
Valley Village, CA 91607
(818) 995-0033

3

DECLARATION OF DAVID L. MARGULIES AND REQUEST FOR ADDITIONAL
TIME TO SERVE SUMMONS AND COMPLAINT; [PROPOSED] ORDER

**EXHIBIT 5**

7/16/15

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David L. Margulies, 46964<br>Law Offices of David L. Margulies<br>12650 Riverside Drive Suite 100<br>Valley Village, CA 91607<br>TELEPHONE NO.: (818) 992-0933<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br>JUN 19 2015<br>TERRY MCNALLY CLERK<br>BY_____ DEPUTY |

JUN 1 9 2015

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Kern County
1415 Truxtun Avenue
Bakersfield, CA 93301-5216

| PLAINTIFF/PETITIONER: Richard Spain | CASE NUMBER:<br>S-1500-CV-284009 (LHB) |
|---|---|
| DEFENDANT/RESPONDENT: Granite State Insurance Company | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Spain |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   Summons, Civil Case Cover Sheet, Complaint, ADR Information

3. a. Party served:  Granite State Insurance Company

   b. Person Served: CSC-Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 6/12/2015        (2) at  (time): 1:46 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Granite State Insurance Company

   under:      CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name;        Christine E. Martin
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e I am:
        (3) registered California process server.
            (i)  Employee or independent contractor.
            (ii) Registration No.: 2014-11
            (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/12/2015

_____
(SIGNATURE)

Christine E. Martin
(NAME OF PERSON WHO SERVED PAPERS)

Code of Civil Procedure, § 117.10

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

OL# 7387922

SCANNED